UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMER HERNANDEZ, | No. 2:23-cv-02671-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| ADIDAS AMERICA INC., | |
| Defendant. | |

On May 22, 2024, Plaintiff filed an *ex parte* application for leave to file a Second Amended Complaint. (*Ex Parte* Application (ECF No. 25).) This request is presently before the Court.

*Ex parte* applications are generally only granted in rare circumstances as such requests do not afford opposing counsel the usual notice and opportunity to be heard in addition to permitting movants to take priority over other litigants that are following the established filing procedures and timelines. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). On an *ex parte* application, the moving party must show that they will suffer irreparable prejudice if the motion is not heard under the regular noticed motion procedures and that they

are "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

Plaintiff has not met their burden to show that there exists a reason why this matter cannot be heard on the normal schedule for such matters. Plaintiff only vaguely references a need to amend promptly "as there are Statute of Limitations issues involved" without any additional details about what these issues are or why they merit the Court granting this motion *ex parte*. (*Ex Parte* Application at 7.) Plaintiff's proposed amendments seek to add an additional Plaintiff, a cause of action, and factual allegations.[1] The broad unsupported statement that there are "statute of limitations issues" and the general need to not delay this case is insufficient to warrant the Court granting leave to make substantive amendments to the complaint on an *ex parte* basis.

Additionally, Plaintiff's motion does not show that Plaintiff is "without fault" in creating the need for *ex parte* action. Plaintiff's complaint indicates that Plaintiff (or, more accurately, Plaintiff's counsel) is seeking leave to amend in part because "Plaintiff's counsel has been unable to establish proper contact with the current Plaintiff." (*Ex Parte* Application at 2.) Plaintiff also indicates that these issues arose as early as March 2024. (*Id.* at 3.) While some of the intervening time was undoubtedly spent attempting to reestablish contact with Plaintiff as well as meeting and conferring with opposing counsel, Plaintiff still waited until May 22, 2024 to request leave to amend the complaint, despite the fact that Plaintiff's counsel was not in contact with the Plaintiff well before that date and there were "statute of limitation issues" that made timely amendment important.

---

[1] The Court notes that Plaintiff has also not fully complied with Local Rule 137(c) which requires that "[i]f filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave . . . ." Plaintiff has attached a redlined version showing differences between the proposed amended complaint and the current operative complaint. While this is a helpful and welcome inclusion with such motions, a plaintiff seeking to amend must still file the proposed amended complaint as it would look if leave to amend was granted.

1    In light of the above, IT IS HEREBY ORDERED that Plaintiff's *ex parte* application
2 (ECF No. 25) is DENIED.  This order does not preclude Plaintiff from seeking further
3 leave to amend or from seeking to shorten time for such motion pursuant to Local
4 Rules 144(e) and 233.  If Plaintiff does seek such relief, Plaintiff is encouraged to
5 review the Amended Scheduling Order (ECF No. 24) at p. 1 ln. 21-24 ("No further
6 joinder of parties or amendments to pleadings is permitted without leave of the Court,
7 good cause having been shown. See Fed. R. Civ. P. 16(b); *Johnson v. Mammoth
8 Recreations, Inc.*, 975 F.2d 27 604 (9th Cir. 1992).").

10  Dated:  May 31, 2024                          /s/ Daniel J. Calabretta
                                                  THE HONORABLE DANIEL J. CALABRETTA
                                                  UNITED STATES DISTRICT JUDGE